**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FONTEM VENTURES B.V., | ) | |
| FONTEM HOLDINGS 1 B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.:  1:20-cv-06037 |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| SAGO TECHNOLOGY, INC. dba JAK | ) | |
| ECIG, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiffs Fontem Ventures B.V. ("Fontem Ventures") and Fontem Holdings 1 B.V. ("Fontem Holdings") (together, "Fontem" or "Plaintiffs") allege the following claims against Defendant Sago Technology, Inc. dba JAK ECIG ("Sago" or "Defendant"):

## THE PARTIES

1.      Plaintiff Fontem Ventures is a company organized and existing under the laws of the Netherlands, with its principal place of business at Radarweg 60, Amsterdam, 1043 NT, The Netherlands.  Fontem Ventures is in the business of developing and selling innovative non-tobacco products, including electronic cigarettes.

2.      Plaintiff Fontem Holdings is a company organized and existing under the laws of the Netherlands, with its principal place of business at Radarweg 60, Amsterdam, 1043 NT, The Netherlands.

3.      Upon information and belief, Defendant Sago is an Illinois Corporation, with its principal place of business located at 180 S Western Ave., Carpentersville, Illinois 60110.  Upon information and belief, Sago does business in this judicial district related to the claims asserted in this Complaint.

4.      Upon information and belief, Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, electronic vaping devices, including electronic cigarettes.

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement arising under Title 35 of the United States Code, and in particular 35 U.S.C. §§ 271, 282, 284, and 285.

6.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because it is registered to do business in Illinois, it solicits and conducts business in Illinois, including the provision of goods, derives revenue from goods sold in Illinois and within this judicial district, and has committed acts of infringement in this judicial district, including, but not limited to, offering to sell and selling the accused products in this judicial district.

8.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PATENTS-IN-SUIT

9.      Plaintiffs bring this action against Defendant for infringement of U.S. Patent No. 8,365,742 ("the '742 Patent") (Exhibit 1), U.S. Patent No. 8,375,957 ("the '957 Patent") (Exhibit 2), U.S. Patent No. 8,490,628 ("the '628 Patent") (Exhibit 3), U.S. Patent No. 8,863,752 ("the '752 Patent") (Exhibit 4), U.S. Patent No. 8,893,726 ("the '726 Patent") (Exhibit 5), U.S. Patent No. 9,320,300 ("the '300 Patent") (Exhibit 6), U.S. Patent No. 9,326,549 ("the '549 Patent") (Exhibit 7), U.S. Patent No. 9,326,550 ("the '550 Patent") (Exhibit 8), U.S. Patent No. 9,326,551 ("the '551 Patent") (Exhibit 9), U.S. Patent No. 9,339,062 ("the '062 Patent") (Exhibit 10), U.S. Patent No. 9,364,027 ("the '027 Patent") (Exhibit 11), U.S. Patent No. 9,370,205 ("the '205

Patent") (Exhibit 12), U.S. Patent No. 9,456,632 ("the '632 Patent") (Exhibit 13), U.S. Patent No. 9,717,278 ("the '278 Patent") (Exhibit 14), U.S. Patent No. 10,143,238 ("the '238 Patent") (Exhibit 15), U.S. Patent No. 10,178,881 ("the '881 Patent") (Exhibit 16), U.S. Patent No. 10,238,144 ("the '144 Patent") (Exhibit 17), U.S. Patent No. 10,327,478 ("the '478 Patent") (Exhibit 18), and U.S. Patent No. 10,349,682 ("the '682 Patent") (Exhibit 19) (collectively, the "Patents-in-Suit").

10.     The nineteen (19) Patents-in-Suit relate to electronic vaping devices that create inhalable vapor without tar to provide the habitual actions of smoking missing in nicotine substitutes like the patch and gum.

## DEFENDANT'S KNOWLEDGE OF THE PATENTS-IN-SUIT

11.     Plaintiffs previously filed patent infringement actions based upon many of the Patents-in-Suit against many other companies including some of the largest companies in the vaping industry in the following consolidated District Court cases: *Fontem Ventures B.V. et al. v. NJOY, Inc. et al.*, Case No. 2:14-cv-01645 (C.D. Cal.) (lead case), *Fontem Ventures B.V. v. Nu Mark LLC*, Case No. 1:16-cv-01261 (M.D.N.C) (lead case), and *Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.*, Case No. 1:16-cv-01255 (M.D.N.C) (lead case) (together, "Plaintiffs' prior patent infringement actions").  Plaintiffs' prior patent infringement actions were well publicized in the vaping industry and involved products similar to Defendant's products.  Upon information and belief, Defendant had prior knowledge of Plaintiffs' previous patent infringement actions or had been willfully blind thereto, prior knowledge of the patents asserted in those actions or had been willfully blind thereto, and prior knowledge of Plaintiffs' rights in the asserted patents or had been willfully blind thereto.

12.     Upon information and belief, Defendant has monitored Plaintiffs' patents and related patent applications because of Plaintiffs' prior patent infringement actions, and thus had prior knowledge of the patents that were not asserted in the prior patent infringement actions, including Plaintiffs' rights in those patents, or had been willfully blind thereto.

13.     On September 25, 2020, counsel for Fontem sent a cease and desist letter to the Defendant ("the Demand Letter", attached as Exhibit A) demanding that Defendant immediately cease and desist from selling its JAK electronic cigarette devices—including Disposable, Rechargeable, and EPIC products—because each such product infringes at least one or more of the Patents-in-Suit.  The Demand Letter identifies the Patents-in-Suit and states that a claim chart demonstrating how the JAK electronic cigarette devices infringe a representative claim from each of the Patents-in-Suit is attached thereto.  Representative claim charts are attached as exhibits as indicated in each of Counts I–XIX below.

14.     To date, neither Fontem nor its counsel have received any response from Defendant to the Demand Letter.

15.     Upon information and belief, Defendant continues to sell the JAK electronic cigarette devices despite having actual notice that those devices infringe the Patents-in-Suit upon receipt of the Demand Letter.

## COUNT I
### Patent Infringement of U.S. Patent No. 8,365,742

16.     Plaintiffs incorporate by reference the allegations contained in paragraphs **Error! Reference source not found.**–15 above.

17.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '742 Patent (Exhibit 1).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '742 Patent, including the right to sublicense the '742 Patent.  The '742 Patent was

duly and legally issued by the USPTO on February 5, 2013, and is valid, subsisting, and in full force and effect.

18.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '742 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '742 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

19.     Examples of products that directly infringe the '742 Patent include, but are not limited to, JAK Rechargeable ECIG products, JAK Disposable ECIG products, and JAK EPIC Series products (collectively, "the JAK ECIG Products").  Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '742 Patent are attached as Exhibits 1A and 1B.

20.     At all relevant times, Defendant and the public in general have had notice of the '742 Patent because Plaintiffs have marked the packaging of their products embodying the '742 Patent in accordance with 35 U.S.C. § 287.

21.     Upon information and belief, Defendant had prior knowledge of the '742 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '742 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

22.     Having prior knowledge of the '742 Patent, Defendant has also contributed to the infringement of the '742 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its

agents, contributing to the direct infringement of the '742 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '742 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

23.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '742 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

24.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

25.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

26.     In view of Defendant's knowledge of the '742 Patent, Defendant has proceeded to infringe the '742 Patent despite a high probability that its actions constituted infringement of a

valid patent. Thus, Defendant's infringement of the '742 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II**
**Patent Infringement of U.S. Patent No. 8,375,957**

27.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

28.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '957 Patent (Exhibit 2). Fontem Holdings has granted Fontem Ventures an exclusive license to the '957 Patent, including the right to sublicense the '957 Patent. The '957 Patent was duly and legally issued by the USPTO on February 19, 2013, and is valid, subsisting, and in full force and effect.

29.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '957 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '957 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

30.     Examples of products that directly infringe the '957 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '957 Patent is attached as Exhibit 2A.

31. At all relevant times, Defendant and the public in general have had notice of the '957 Patent because Plaintiffs have marked the packaging of their products embodying the '957 Patent in accordance with 35 U.S.C. § 287.

32. Upon information and belief, Defendant had prior knowledge of the '957 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '957 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

33. Having prior knowledge of the '957 Patent, Defendant has also contributed to the infringement of the '957 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '957 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '957 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

34. Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '957 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

35. As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and

reasonable royalties on sales not made. Plaintiffs are also entitled to their costs of suit and interest.

36.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

37.     In view of Defendant's knowledge of the '957 Patent, Defendant has proceeded to infringe the '957 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '957 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III**
**Patent Infringement of U.S. Patent No. 8,490,628**

38.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

39.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '628 Patent (Exhibit 3). Fontem Holdings has granted Fontem Ventures an exclusive license to the '628 Patent, including the right to sublicense the '628 Patent. The '628 Patent was duly and legally issued by the USPTO on July 23, 2013, and is valid, subsisting, and in full force and effect.

40.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '628 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell,

and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '628 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

41.     Examples of products that directly infringe the '628 Patent include, but are not limited to, JAK Rechargeable ECIG products, JAK Disposable ECIG products, and JAK EPIC Series products (collectively, "the JAK ECIG Products").    Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '628 Patent are attached as Exhibits 3A and 3B.

42.     At all relevant times, Defendant and the public in general have had notice of the '628 Patent because Plaintiffs have marked the packaging of their products embodying the '628 Patent in accordance with 35 U.S.C. § 287.

43.     Upon information and belief, Defendant had prior knowledge of the '628 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '628 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

44.     Having prior knowledge of the '628 Patent, Defendant has also contributed to the infringement of the '628 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '628 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '628 Patent, within, from and/or into the United

States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

45.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '628 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

46.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

47.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

48.     In view of Defendant's knowledge of the '628 Patent, Defendant has proceeded to infringe the '628 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '628 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV**
**Patent Infringement of U.S. Patent No. 8,863,752**

49.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

50.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '752 Patent (Exhibit 4). Fontem Holdings has granted Fontem Ventures an exclusive license to the '752 Patent, including the right to sublicense the '752 Patent. The '752 Patent was duly and legally issued by the USPTO on October 21, 2014, and is valid, subsisting, and in full force and effect.

51.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '752 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '752 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

52.     Examples of products that directly infringe the '752 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '752 Patent is attached as Exhibit 4A.

53.     At all relevant times, Defendant and the public in general have had notice of the '752 Patent because Plaintiffs have marked the packaging of their products embodying the '752 Patent in accordance with 35 U.S.C. § 287.

54.     Upon information and belief, Defendant had prior knowledge of the '752 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs'

prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '752 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

55.     Having prior knowledge of the '752 Patent, Defendant has also contributed to the infringement of the '752 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '752 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '752 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

56.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '752 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

57.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

58.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs'

proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

59.     In view of Defendant's knowledge of the '752 Patent, Defendant has proceeded to infringe the '752 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '752 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V**
**Patent Infringement of U.S. Patent No. 8,893,726**

60.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

61.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '726 Patent (Exhibit 5). Fontem Holdings has granted Fontem Ventures an exclusive license to the '726 Patent, including the right to sublicense the '726 Patent. The '726 Patent was duly and legally issued by the USPTO on November 25, 2014, and is valid, subsisting, and in full force and effect.

62.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '726 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '726 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

- 14 -

63.     Examples of products that directly infringe the '726 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK Disposable ECIG products (collectively, "the JAK ECIG Products").   Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '726 Patent are attached as Exhibits 5A and 5B.

64.     At all relevant times, Defendant and the public in general have had notice of the '726 Patent because Plaintiffs have marked the packaging of their products embodying the '726 Patent in accordance with 35 U.S.C. § 287.

65.     Upon information and belief, Defendant had prior knowledge of the '726 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '726 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

66.     Having prior knowledge of the '726 Patent, Defendant has also contributed to the infringement of the '726 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '726 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '726 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

67.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '726 Patent include, but are

not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

68.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

69.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

70.     In view of Defendant's knowledge of the '726 Patent, Defendant has proceeded to infringe the '726 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '726 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI
## Patent Infringement of U.S. Patent No. 9,320,300

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

72.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '300 Patent (Exhibit 6).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '300 Patent, including the right to sublicense the '300 Patent.  The '300 Patent was

duly and legally issued by the USPTO on April 26, 2016, and is valid, subsisting, and in full force and effect.

73.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '300 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '300 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

74.     Examples of products that directly infringe the '300 Patent include, but are not limited to, JAK Rechargeable ECIG products, JAK Disposable ECIG products, and JAK EPIC Series products (collectively, "the JAK ECIG Products"). Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '300 Patent are attached as Exhibits 6A and 6B.

75.     At all relevant times, Defendant and the public in general have had notice of the '300 Patent because Plaintiffs have marked the packaging of their products embodying the '300 Patent in accordance with 35 U.S.C. § 287.

76.     Upon information and belief, Defendant had prior knowledge of the '300 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '300 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

77.     Having prior knowledge of the '300 Patent, Defendant has also contributed to the infringement of the '300 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its

- 17 -

agents, contributing to the direct infringement of the '300 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '300 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

78.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '300 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

79.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

80.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

81.     In view of Defendant's knowledge of the '300 Patent, Defendant has proceeded to infringe the '300 Patent despite a high probability that its actions constituted infringement of a

valid patent. Thus, Defendant's infringement of the '300 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VII**
**Patent Infringement of U.S. Patent No. 9,326,549**

82. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

83. Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '549 Patent (Exhibit 7). Fontem Holdings has granted Fontem Ventures an exclusive license to the '549 Patent, including the right to sublicense the '549 Patent. The '549 Patent was duly and legally issued by the USPTO on May 3, 2016, and is valid, subsisting, and in full force and effect.

84. Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '549 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '549 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

85. Examples of products that directly infringe the '549 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK Disposable ECIG products (collectively, "the JAK ECIG Products"). Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '549 Patent are attached as Exhibits 7A and 7B.

86. At all relevant times, Defendant and the public in general have had notice of the '549 Patent because Plaintiffs have marked the packaging of their products embodying the '549 Patent in accordance with 35 U.S.C. § 287.

87. Upon information and belief, Defendant had prior knowledge of the '549 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '549 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

88. Having prior knowledge of the '549 Patent, Defendant has also contributed to the infringement of the '549 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '549 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '549 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

89. Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '549 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

90. As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and

reasonable royalties on sales not made. Plaintiffs are also entitled to their costs of suit and interest.

91.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

92.     In view of Defendant's knowledge of the '549 Patent, Defendant has proceeded to infringe the '549 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '549 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VIII**
**Patent Infringement of U.S. Patent No. 9,326,550**

93.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

94.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '550 Patent (Exhibit 8). Fontem Holdings has granted Fontem Ventures an exclusive license to the '550 Patent, including the right to sublicense the '550 Patent. The '550 Patent was duly and legally issued by the USPTO on May 3, 2016, and is valid, subsisting, and in full force and effect.

95.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '550 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell,

and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '550 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

96.     Examples of products that directly infringe the '550 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '550 Patent is attached as Exhibit 8A.

97.     At all relevant times, Defendant and the public in general have had notice of the '550 Patent because Plaintiffs have marked the packaging of their products embodying the '550 Patent in accordance with 35 U.S.C. § 287.

98.     Upon information and belief, Defendant had prior knowledge of the '550 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '550 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

99.     Having prior knowledge of the '550 Patent, Defendant has also contributed to the infringement of the '550 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '550 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '550 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

100.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '550 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

101.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

102.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

103.    In view of Defendant's knowledge of the '550 Patent, Defendant has proceeded to infringe the '550 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '550 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IX**
**Patent Infringement of U.S. Patent No. 9,326,551**

104.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

- 23 -

105.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '551 Patent (Exhibit 9).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '551 Patent, including the right to sublicense the '551 Patent.  The '551 Patent was duly and legally issued by the USPTO on May 3, 2016, and is valid, subsisting, and in full force and effect.

106.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '551 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '551 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

107.     Examples of products that directly infringe the '551 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products").  A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '551 Patent is attached as Exhibit 9A.

108.     At all relevant times, Defendant and the public in general have had notice of the '551 Patent because Plaintiffs have marked the packaging of their products embodying the '551 Patent in accordance with 35 U.S.C. § 287.

109.     Upon information and belief, Defendant had prior knowledge of the '551 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '551 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

110.     Having prior knowledge of the '551 Patent, Defendant has also contributed to the infringement of the '551 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '551 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '551 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

111.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '551 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

112.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

113.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

114.    In view of Defendant's knowledge of the '551 Patent, Defendant has proceeded to infringe the '551 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '551 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT X**
**Patent Infringement of U.S. Patent No. 9,339,062**

115.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

116.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '062 Patent (Exhibit 10). Fontem Holdings has granted Fontem Ventures an exclusive license to the '062 Patent, including the right to sublicense the '062 Patent. The '062 Patent was duly and legally issued by the USPTO on May 17, 2016, and is valid, subsisting, and in full force and effect.

117.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '062 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '062 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

118.    Examples of products that directly infringe the '062 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '062 Patent is attached as Exhibit 10A.

119.    At all relevant times, Defendant and the public in general have had notice of the '062 Patent because Plaintiffs have marked the packaging of their products embodying the '062 Patent in accordance with 35 U.S.C. § 287.

120.    Upon information and belief, Defendant had prior knowledge of the '062 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '062 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

121.    Having prior knowledge of the '062 Patent, Defendant has also contributed to the infringement of the '062 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '062 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '062 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

122.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '062 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

123.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and

reasonable royalties on sales not made. Plaintiffs are also entitled to their costs of suit and interest.

124.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

125.    In view of Defendant's knowledge of the '062 Patent, Defendant has proceeded to infringe the '062 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '062 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XI**
**Patent Infringement of U.S. Patent No. 9,364,027**

126.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

127.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '027 Patent (Exhibit 11). Fontem Holdings has granted Fontem Ventures an exclusive license to the '027 Patent, including the right to sublicense the '027 Patent. The '027 Patent was duly and legally issued by the USPTO on June 14, 2016, and is valid, subsisting, and in full force and effect.

128.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '027 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell,

and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '027 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

129. Examples of products that directly infringe the '027 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK Disposable ECIG products (collectively, "the JAK ECIG Products"). Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '027 Patent are attached as Exhibits 11A and 11B.

130. At all relevant times, Defendant and the public in general have had notice of the '027 Patent because Plaintiffs have marked the packaging of their products embodying the '027 Patent in accordance with 35 U.S.C. § 287.

131. Upon information and belief, Defendant had prior knowledge of the '027 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '027 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

132. Having prior knowledge of the '027 Patent, Defendant has also contributed to the infringement of the '027 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '027 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '027 Patent, within, from and/or into the United

States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

133.     Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '027 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

134.     As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.   Plaintiffs are also entitled to their costs of suit and interest.

135.     Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.   Plaintiffs have no adequate remedy at law.   Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

136.     In view of Defendant's knowledge of the '027 Patent, Defendant has proceeded to infringe the '027 Patent despite a high probability that its actions constituted infringement of a valid patent.   Thus, Defendant's infringement of the '027 Patent is willful and deliberate.   That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XII
## Patent Infringement of U.S. Patent No. 9,370,205

137.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

138.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '205 Patent (Exhibit 12).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '205 Patent, including the right to sublicense the '205 Patent.  The '205 Patent was duly and legally issued by the USPTO on June 21, 2016, and is valid, subsisting, and in full force and effect.

139.     Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '205 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '205 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

140.     Examples of products that directly infringe the '205 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products").  A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '205 Patent is attached as Exhibit 12A.

141.     At all relevant times, Defendant and the public in general have had notice of the '205 Patent because Plaintiffs have marked the packaging of their products embodying the '205 Patent in accordance with 35 U.S.C. § 287.

142.     Upon information and belief, Defendant had prior knowledge of the '205 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs'

prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '205 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

143.    Having prior knowledge of the '205 Patent, Defendant has also contributed to the infringement of the '205 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '205 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '205 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

144.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '205 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

145.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

146.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no

adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

147. In view of Defendant's knowledge of the '205 Patent, Defendant has proceeded to infringe the '205 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '205 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XIII**
**Patent Infringement of U.S. Patent No. 9,456,632**

148. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

149. Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '632 Patent (Exhibit 13). Fontem Holdings has granted Fontem Ventures an exclusive license to the '632 Patent, including the right to sublicense the '632 Patent. The '632 Patent was duly and legally issued by the USPTO on October 4, 2016, and is valid, subsisting, and in full force and effect.

150. Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '632 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '632 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

151. Examples of products that directly infringe the '632 Patent include, but are not limited to, JAK Rechargeable ECIG products ("the JAK ECIG Products"). A representative

claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '632 Patent is attached as Exhibit 13A.

152.    At all relevant times, Defendant and the public in general have had notice of the '632 Patent because Plaintiffs have marked the packaging of their products embodying the '632 Patent in accordance with 35 U.S.C. § 287.

153.    Upon information and belief, Defendant had prior knowledge of the '632 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, based upon the Plaintiffs' prior patent infringement actions brought against other companies in the vaping industry. Defendant also had actual knowledge of the '632 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

154.    Having prior knowledge of the '632 Patent, Defendant has also contributed to the infringement of the '632 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '632 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '632 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

155.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '632 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

156.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made. Plaintiffs are also entitled to their costs of suit and interest.

157.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

158.    In view of Defendant's knowledge of the '632 Patent, Defendant has proceeded to infringe the '632 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '632 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIV
## Patent Infringement of U.S. Patent No. 9,717,278

159.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

160.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '278 Patent (Exhibit 14). Fontem Holdings has granted Fontem Ventures an exclusive license to the '278 Patent, including the right to sublicense the '278 Patent. The '278 Patent was duly and legally issued by the USPTO on August 1, 2017, and is valid, subsisting, and in full force and effect.

161.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '278 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '278 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

162.    Examples of products that directly infringe the '278 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK Disposable ECIG products (collectively, "the JAK ECIG Products").  Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '278 Patent are attached as Exhibits 14A and 14B.

163.    At all relevant times, Defendant and the public in general have had notice of the '278 Patent because Plaintiffs have marked the packaging of their products embodying the '278 Patent in accordance with 35 U.S.C. § 287.

164.    Upon information and belief, Defendant had prior knowledge of the '278 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions.  Defendant also had actual knowledge of the '278 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

165.    Having prior knowledge of the '278 Patent, Defendant has also contributed to the infringement of the '278 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '278 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the

accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '278 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

166.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '278 Patent include, but are not limited to, (1) JAK Cartomizers and (2) JAK Cartridges, neither of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

167.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

168.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

169.    In view of Defendant's knowledge of the '278 Patent, Defendant has proceeded to infringe the '278 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '278 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XV
## Patent Infringement of U.S. Patent No. 10,143,238

170. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

171. Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '238 Patent (Exhibit 15). Fontem Holdings has granted Fontem Ventures an exclusive license to the '238 Patent, including the right to sublicense the '238 Patent. The '238 Patent was duly and legally issued by the USPTO on December 4, 2018, and is valid, subsisting, and in full force and effect.

172. Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '238 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '238 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

173. Examples of products that directly infringe the '238 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK EPIC Series products (collectively, "the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '238 Patent is attached as Exhibit 15A.

174. At all relevant times, Defendant and the public in general have had notice of the '238 Patent because Plaintiffs have marked the packaging of their products embodying the '238 Patent in accordance with 35 U.S.C. § 287.

175. Upon information and belief, Defendant had prior knowledge of the '238 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has

monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions. Defendant also had actual knowledge of the '238 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

176. Having prior knowledge of the '238 Patent, Defendant has also contributed to the infringement of the '238 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '238 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '238 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

177. Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '238 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

178. As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made. Plaintiffs are also entitled to their costs of suit and interest.

179. Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs'

proper market share and deprivation of Plaintiffs' rights to exclude others. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

180.    In view of Defendant's knowledge of the '238 Patent, Defendant has proceeded to infringe the '238 Patent despite a high probability that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '238 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XVI**
**Patent Infringement of U.S. Patent No. 10,178,881**

181.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

182.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '881 Patent (Exhibit 16). Fontem Holdings has granted Fontem Ventures an exclusive license to the '881 Patent, including the right to sublicense the '881 Patent. The '881 Patent was duly and legally issued by the USPTO on January 15, 2019, and is valid, subsisting, and in full force and effect.

183.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '881 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '881 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

184.    Examples of products that directly infringe the '881 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK EPIC Series products (collectively, "the JAK ECIG Products").  A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '881 Patent is attached as Exhibit 16A.

185.    At all relevant times, Defendant and the public in general have had notice of the '881 Patent because Plaintiffs have marked the packaging of their products embodying the '881 Patent in accordance with 35 U.S.C. § 287.

186.    Upon information and belief, Defendant had prior knowledge of the '881 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions.  Defendant also had actual knowledge of the '881 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

187.    Having prior knowledge of the '881 Patent, Defendant has also contributed to the infringement of the '881 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '881 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '881 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

188.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '881 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and

(5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

189.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

190.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

191.    In view of Defendant's knowledge of the '881 Patent, Defendant has proceeded to infringe the '881 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '881 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT XVII
### Patent Infringement of U.S. Patent No. 10,238,144

192.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

193.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '144 Patent (Exhibit 17)  Fontem Holdings has granted Fontem Ventures an exclusive license to the '144 Patent, including the right to sublicense the '144 Patent.  The '144 Patent was

duly and legally issued by the USPTO on March 26, 2019, and is valid, subsisting, and in full force and effect.

194.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '144 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '144 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

195.    Examples of products that directly infringe the '144 Patent include, but are not limited to, JAK Rechargeable ECIG products, JAK Disposable ECIG products, and JAK EPIC Series products (collectively, "the JAK ECIG Products").    Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '144 Patent are attached as Exhibits 17A and 17B.

196.    At all relevant times, Defendant and the public in general have had notice of the '144 Patent because Plaintiffs have marked the packaging of their products embodying the '144 Patent in accordance with 35 U.S.C. § 287.

197.    Upon information and belief, Defendant had prior knowledge of the '144 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions.    Defendant also had actual knowledge of the '144 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

198.    Having prior knowledge of the '144 Patent, Defendant has also contributed to the infringement of the '144 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its

agents, contributing to the direct infringement of the '144 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '144 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

199.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '144 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

200.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

201.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

202.    In view of Defendant's knowledge of the '144 Patent, Defendant has proceeded to infringe the '144 Patent despite a high probability that its actions constituted infringement of a

valid patent. Thus, Defendant's infringement of the '144 Patent is willful and deliberate. That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XVIII**
**Patent Infringement of U.S. Patent No. 10,327,478**

203. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

204. Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '478 Patent (Exhibit 18). Fontem Holdings has granted Fontem Ventures an exclusive license to the '478 Patent, including the right to sublicense the '478 Patent. The '478 Patent was duly and legally issued by the USPTO on June 25, 2019, and is valid, subsisting, and in full force and effect.

205. Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '478 Patent in violation of 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '478 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

206. Examples of products that directly infringe the '478 Patent include, but are not limited to, JAK Rechargeable ECIG products and JAK EPIC Series products (collectively, "the JAK ECIG Products"). A representative claim chart demonstrating how the JAK ECIG Products infringe a representative claim of the '478 Patent is attached as Exhibit 18A.

207.    At all relevant times, Defendant and the public in general have had notice of the '478 Patent because Plaintiffs have marked the packaging of their products embodying the '478 Patent in accordance with 35 U.S.C. § 287.

208.    Upon information and belief, Defendant had prior knowledge of the '478 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions.  Defendant also had actual knowledge of the '478 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

209.    Having prior knowledge of the '478 Patent, Defendant has also contributed to the infringement of the '478 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '478 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '478 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

210.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '478 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

211.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which

include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

212.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

213.    In view of Defendant's knowledge of the '478 Patent, Defendant has proceeded to infringe the '478 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '478 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIX
## Patent Infringement of U.S. Patent No. 10,349,682

214.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1–15 above.

215.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to the '682 Patent (Exhibit 19).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '682 Patent, including the right to sublicense the '682 Patent.  The '682 Patent was duly and legally issued by the USPTO on July 16, 2019, and is valid, subsisting, and in full force and effect.

216.    Defendant has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '682 Patent in violation of 35 U.S.C. § 271(a) by, itself

and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '682 Patent, within, from and/or into the United States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

217.    Examples of products that directly infringe the '682 Patent include, but are not limited to, JAK Rechargeable ECIG products, JAK Disposable ECIG products, and JAK EPIC Series products (collectively, "the JAK ECIG Products").    Representative claim charts demonstrating how the JAK ECIG Products infringe one or more representative claims of the '682 Patent are attached as Exhibits 19A and 19B.

218.    At all relevant times, Defendant and the public in general have had notice of the '682 Patent because Plaintiffs have marked the packaging of their products embodying the '682 Patent in accordance with 35 U.S.C. § 287.

219.    Upon information and belief, Defendant had prior knowledge of the '682 Patent, and of Plaintiffs' rights therein, or had been willfully blind thereto, because Defendant has monitored Plaintiffs' patents and related patent applications based on Defendant's knowledge of Plaintiffs' prior patent infringement actions.    Defendant also had actual knowledge of the '682 Patent, and of Plaintiffs' rights therein, upon receipt of the Demand Letter.

220.    Having prior knowledge of the '682 Patent, Defendant has also contributed to the infringement of the '682 Patent in violation of 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '682 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling components of the accused JAK ECIG Products having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '682 Patent, within, from and/or into the United

States without permission or license from Plaintiffs, and will continue to do so unless enjoined by this Court.

221.    Examples of JAK ECIG Product components that have no substantial non-infringing uses and that contribute to the direct infringement of the '682 Patent include, but are not limited to, (1) JAK Cartomizers, (2) JAK Cartridges, (3) EPIC PODS, (4) EPIC Devices, and (5) EPIC Chargers, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use.

222.    As a direct and proximate result of the foregoing acts of Defendant, Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to, lost profits on the infringing sales Plaintiffs may have made and reasonable royalties on sales not made.  Plaintiffs are also entitled to their costs of suit and interest.

223.    Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict irreparable harm upon Plaintiffs, such as reduction of Plaintiffs' proper market share and deprivation of Plaintiffs' rights to exclude others.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

224.    In view of Defendant's knowledge of the '682 Patent, Defendant has proceeded to infringe the '682 Patent despite a high probability that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '682 Patent is willful and deliberate.  That egregious infringement behavior entitles Plaintiffs to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Plaintiffs request the following relief:

A. Entry of judgment that Defendant is liable for infringement of the '742 Patent, the '957 Patent, the '628 Patent, the '752 Patent, the '726 Patent, the '300 Patent, the '549 Patent, the '550 Patent, the '551 Patent, the '062 Patent, the '027 Patent, the '205 Patent, the '632 Patent, the '278 Patent, the '238 Patent, the '881 Patent, the '144 Patent, the '478 Patent, and the '682 Patent under at least the provisions of 35 U.S.C. §§ 271(a) and/or (c);

B. An order enjoining Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant, from infringing the '742 Patent, the '957 Patent, the '628 Patent, the '752 Patent, the '726 Patent, the '300 Patent, the '549 Patent, the '550 Patent, the '551 Patent, the '062 Patent, the '027 Patent, the '205 Patent, the '632 Patent, the '278 Patent, the '238 Patent, the '881 Patent, the '144 Patent, the '478 Patent, and the '682 Patent pursuant to 35 U.S.C. § 283;

C. An order awarding Plaintiffs damages resulting from Defendant's patent infringement together with prejudgment and post-judgment interest;

D. Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of Defendant's infringement of the Patents-in-Suit in this litigation;

E. An order awarding Plaintiffs their costs and attorneys' fees under 35 U.S.C. § 285; and

F. Any and all other relief, in law or in equity, as the Court deems just, equitable, or appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Fontem Ventures

and Fontem Holdings hereby demand a trial by jury on all issues triable by a jury.

Dated:  October 9, 2020

PERKINS COIE LLP

By    /s/ Adam L. Marchuk
Adam Marchuk (ARDC No. 6281482)
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8400 (Telephone)
(312) 324-9400 (Facsimile)

Michael J. Wise
MWise@perkinscoie.com
Joseph P. Hamilton
JHamilton@perkinscoie.com
Lara J. Dueppen
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
(310) 788-9900 (Telephone)
(310) 788-3399  (Facsimile)

*Attorneys for Plaintiffs*
*FONTEM VENTURES B.V. and*
*FONTEM HOLDINGS 1 B.V*